**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| **Chambers of**<br>**George L. Russell, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 27, 2013

MEMORANDUM TO COUNSEL RE:     <u>Lawrence B. Gonzales v. Truck Drivers and Helpers
                                Local 355 Retirement Pension Fund</u>
                                Civil Action No. GLR-12-1694

Dear Counsel:

      Currently pending before the Court is Plaintiff Lawrence B. Gonzales' Motion for Summary Judgment or, in the Alternative, Motion to Remand (ECF No. 11), and Defendant Truck Drivers and Helpers Local 355 Retirement Pension Fund's (the "Fund") Cross-Motion for Summary Judgment (ECF No. 18). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. <u>See</u> Local Rule 105.6 (D.Md. 2011). For the reasons below, Gonzales' Motion to Remand will be granted because Gonzales was denied a full and fair review of his claim, and notice of the reasons behind the decision to deny his claim. The Fund's Cross-Motion will be denied for the same reasons.

      The Fund is a multi-employer employee retirement benefit plan that exists for the purpose of providing post-employment income to participants and designated beneficiaries. At all times relevant to this action, Gonzales was a participant in the Fund's pension plan (the "Plan") by virtue of his employment with Airborne Express and DHL. On December 31, 1997, Gonzales tripped over a hand cart while lifting boxes, causing him to jerk awkwardly while trying to catch himself before hitting the ground (the "1997 work injury"). On January 8, 1998, Gonzales visited Dr. John M. Langlois of the Total Health Chiropractic Center complaining of lower back pain. Dr. Langlois treated Gonzales until July 29, 1998, when his symptoms were reduced to a mild level, but Gonzales reported residual weakness in his lower back. With the exception of January and February, Gonzales continued to work at least 150 hours per month during this treatment period.

      On November 4, 2003, Gonzales returned to Dr. Langlois complaining that the pain in his back again reached a moderate level. Prior to Gonzales' return, a February 27, 2003 MRI evaluation revealed mild degenerative changes in the lumbar spine and disk bulging. According to Dr. Langlois, after receiving treatment subsequent to his November 2003 complaints, Gonzales attempted to return to work on January 5, 2004, but was again taken off work on January 22, 2004, because his work activity caused severe discomfort. Gonzales' work records show, however, that he worked at least 150 hours per month through December 2004. Thereafter, the records indicate sporadic work activity at a rate of one to two months per year from 2005 through January 2008.

      From January 2004 through March 2009, Gonzales continued treatment with Dr. Langlois and consulted various specialists. In 2006, Gonzales underwent surgery, which resulted in pain

alleviation for approximately one to two months, but was deemed a clinical failure by at least one specialist.  (See A.R. 39).[1]

On March 19, 2009, the Social Security Administration ("SSA") held a hearing to determine whether Gonzales was eligible for disability benefits.  On April 1, 2009, Administrative Law Judge William F. Clark determined that Gonzales was disabled as of January 14, 2004, and listed his disability as "[d]egenerative disc disease lumbar spine status post fusion with radiculopathy, dysthymic disorder."  (A.R. 54).  Gonzales thereafter filed an application for disability retirement benefits, which the Fund denied on April 7, 2009 ("initial denial letter").  In that letter, the Fund articulated the Plan guidelines and then stated "[y]our Social Security Award list[s] your disability as [d]egenerative disc disease lumbar spine status post fusion with radiculopathy, dysthymic disorder . . . . You have not met the qualifications for a benefit based on Disability Guidelines."  (A.R. 12-13).  On April 20, 2009, Gonzales filed an appeal of the denial.  (A.R. 10).  In that appeal letter, Gonzales averred that his disability was due to the 1997 work injury, not degenerative disk disease, and attached various reports from his medical specialists.  The Fund denied Gonzales' appeal on August 17, 2009, stating the evidence Gonzales provided illustrated that his "disability was the result of illness or disease."  (A.R. 8-9).

On June 8, 2012, Gonzales filed a Complaint in this Court against the Fund seeking the disability benefits allegedly owed to him from January 14, 2004, through the present. (See ECF No. 1).  Gonzales filed the pending Motion for Summary Judgment or, in the Alternative, Motion to Remand on January 14, 2013, and the Fund filed its Cross-Motion for Summary Judgment on February 1, 2013.  In his Motion, Gonzales avers that the Fund violated ERISA's appeal and notice requirements, and that the Fund's denial of his request for disability benefits is an abuse of discretion.  The Court will not address Gonzales' abuse of discretion argument, however, because the case will be remanded on procedural grounds.

ERISA requires plan administrators to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits . . . has been denied, setting forth the specific reasons for such denial."  29 U.S.C. § 1133 (2012).  Moreover, plan administrators must "afford a reasonable opportunity to any participant whose claim for benefits has been denied, a full and fair review by the appropriate named fiduciary of the decision denying the claim."  Id.  The proper remedy for a procedural violation of ERISA is to remand the case to the Fund for a full and fair review.  See Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 239-41 (4th Cir. 2008).  While "remand should be used sparingly, . . . [it] is most appropriate where the plan itself commits the trustees to consider relevant information which they failed to consider or where [the] decision involves records that were readily available and records that trustees had agreed that they would verify."  Elliott v. Sara Lee Corp., 190 F.3d 601, 609 (4th Cir. 1999) (citation and internal quotation marks omitted).

Gonzales avers that the Fund's initial denial letter failed to comport with ERISA's appeal and notice requirements because it does not include the contents specified in 29 C.F.R. § 2560-503-1(g) (West 2013).  The Fund counters that the letter complies with ERISA's procedural requirements because it clearly stated that the SSA determination was the basis for the denial and, therefore, there was no way for Gonzales to perfect his claim.  Moreover, the Fund avers that remand is unnecessary because the SSA determination will remain unchanged and, since there is no

---

[1] All record citations correspond with the bates number listed in the administrative record ("A.R.").

dispute that Gonzales worked approximately five and a half years following the 1997 work injury, there is no additional evidence the Fund could consider that would affect its determination.

Under ERISA, written notifications of adverse benefit determinations must adhere to the following:

> The notification shall set forth, in a manner calculated to be understood by the claimant – (i) The specific reason or reasons for the adverse determination; (ii) Reference to the specific plan provisions on which the determination is based; (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; (iv) A description of the plan's review procedures and the time limits applicable to such procedures . . . .

29 C.F.R. § 2560.503-1(g)(1).

Gonzales avers that the Fund's initial denial letter, issued April 7, 2009, failed to address parts (i) and (iii) of the regulation. In its initial denial letter, the Fund articulated the Plan guidelines and then stated "Your Social Security Award list[s] your disability as [d]egenerative disc disease lumbar spine status post fusion with radiculopathy, dysthymic disorder . . . . You have not met the qualifications for a benefit based on Disability Guidelines." (A.R. 12-13). The administrative record, however, shows that the SSA determination was not the only factor the Fund considered. To the contrary, the May 22, 2009 e-mail of Employer Trustee, David Granek, states that he was "uncomfortable" with the timing of Gonzales' injury and his work record after the SSA disability date. (A.R. 70). Moreover, the Fund's May 13, 2009 meeting minutes also note that Gonzales continued to work well after his SSA disability determination date. (A.R. 71). The length of time between the 1997 work injury and Gonzales' disability date, as well as his continued work hours thereafter, appear to have contributed to the Fund's decision. The initial denial letter, however, states that the sole reason for the denial is the SSA determination. This letter contravenes the procedural mandates of ERISA because Gonzales should have been afforded an opportunity to address specifically the timing issue on appeal. Furthermore, the briefing in this case raises a related issue of causation—namely, whether the 1997 work injury caused the degenerative disk disease—that the Fund did not previously consider. The Fund's alleged reliance upon the SSA determination does not absolve it of its duty to ensure that participants are afforded a full and fair review of their claims. Accordingly, Gonzales' Motion (ECF No. 11) is GRANTED, as to the motion to remand, the Fund's Cross-Motion for Summary Judgment (ECF No. 18) is DENIED, and this case will be REMANDED to the Fund for further administrative proceedings.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge